UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ORHAN MAVRUK, individually and on behalf of
Others similarly situated,

                         Index No. 22-cv-4173

         Plaintiff,          **COMPLAINT**

   -against-

EASY GAS, INC., and any other related individuals
and/or entities,

         Defendants.
------------------------------------------------------------X

      Plaintiff Orhan Mavruk ("Mavruk" or "Plaintiff"), by and through his counsel, Bell Law Group PLLC, as and for his Complaint in this action against Defendants Easy Gas, Inc.. ("Easy Gas"), along with any related individuals and/or entities (collectively, "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

      1.    This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), on behalf of himself, and all others similarly situated, to seek redress against Defendants for the systematic failure by Defendants to provide the required minimum wage and overtimes wages and spread of hour wages and for the failure to provide wage payment statements and wage theft prevention act notifications in violation of the FLSA and NYLL.

      2.    Plaintiff works for Defendants as a gas station attendant, a position he has held since 2016.

1

3. Plaintiff works more than 15 hours per day, five days per week, and for most of his employment, he has not been paid time-and-one-half his regular hourly rate for all hours worked over 40 per week.

4. Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendants as gas station attendants who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of three years prior to the date of the filing of this complaint to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

5. Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in paying below minimum wage and failing to pay overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

6. Throughout his employment, Plaintiff regularly worked 56-60 hours per week, but was not paid at time-and-a-half his regular hourly rate for all hours worked over 40 per week, as required by the FLSA and NYLL.

**PARTIES**

7. Plaintiff Orhan Mavruk is a resident of the State of New York, Suffolk County.

8. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and NYLL and their supporting regulations.

9. Upon information and belief, Defendant Easy Gas, Inc. is a New York corporation with a principal place of business located at 1614 Route 112, Medford, NY. Defendant Easy Gas owns and operates the gas station where Plaintiff works as a gas attendant.

10. Defendants are a single and/or joint employer under the FLSA and New York Labor Law in that they share a common business purpose and ownership, and maintain common control, oversight and direction over the operations of the work performed by Plaintiff and, upon information and belief, members of the FLSA collective.

11. Defendants had the authority, either directly or indirectly, to (1) hire and fire Plaintiff, (2) negotiate the terms and conditions of employment for Plaintiff, (3) set the schedules for Plaintiff, and (4) control the means and methods of how Plaintiff performed his job duties and responsibilities.

12. Each Defendant has had substantial control of Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

13. At all relevant times, Defendant has been a covered employer within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*. and employed Plaintiff. Additionally, at all relevant times, upon information and belief, Defendants have been engaged in interstate commerce within the meaning of the FLSA, has employed at least two employees, and has had an annual dollar volume of sales or business done of at least $500,000.

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

15. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to

Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conduct significant business within this judicial district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. Plaintiff has worked for Defendants as a gas station attendant from approximately 2016 through the present.

18. Throughout his employment, Plaintiff regularly worked approximately 75 hours per week, but for much of his employment, he was paid a flat biweekly rate regardless of how many hours he worked, with no overtime premium for hours worked over 40 per week.

19. Plaintiff regularly works 6 a.m. through 9 p.m., Monday through Friday, and for most of his employment, he has not been paid overtime for all hours worked over 40 per week.

20. For most of his employment, Plaintiff was paid partially by check and partially in cash, but was not paid for all hours worked and was not paid the overtime premium for all hours worked over 40 per week. For example, for the pay period beginning April 24, 2021 and ending May 7, 2021, Plaintiff's paystub reflects pay for only 40 hours, for a total of $567.60, despite Plaintiff working approximately 150 hours during that two-week period, 75 hours per week. To the best of Plaintiff's recollection, he was paid an equal amount in cash for this two-week period. With the cash payment included, Plaintiff was paid for only 80 hours out of the 150 hours he worked during this pay period, meaning he did not receive his regular hourly rate or the required overtime premium for 70 out of the 150 hours he worked during this pay period.

4

21. For most of Plaintiff's employment, his paystubs only reflected some of the hours he worked, or failed to show the hours he worked at all. For example, for the pay period from March 20, 2017 through April 2, 2017, Plaintiff's paystub shows that he was paid a flat $600 for the entire period, despite working approximately 150 hours during that two-week period, well below the federal and New York minimum wage.

22. Throughout his employment, Defendant failed to pay Plaintiff at a rate of one- and one-half times his regular rate for all hours he worked over forty in a week.

23. Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate and/or the regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

24. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

25. Defendant regularly failed to pay Plaintiff overtime wages of one and one-half times the minimum wage rate and/or the regular hourly work rate of pay for all hours that Plaintiff worked in excess of forty (40) per workweek in violation of the FLSA and NYLL.

26. At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

27. At all relevant times, Plaintiff was entitled to accurate wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address, and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

28. Plaintiff was not provided an accurate wage theft prevention act notification at the time of hiring, nor was he provided accurate wage statements on each payday while working for Defendant.

29. Upon information and belief, Defendant's violations of the FLSA and the NYLL were willful.

30. Each hour that Plaintiff worked was for Defendant's benefit.

## COLLECTIVE ACTION ALLEGATIONS

1. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendant pursuant to 29 U.S.C. §216(b).

2. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

3. Plaintiff brings the FLSA claims on behalf of himself and others similarly situated, namely employees of Defendant who worked as gas station attendants, clerks, and in any non-exempt positions for the period of time dating back three years from the filing date of this Complaint until the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who do not opt out of this action (hereinafter referred to as the "Collective").

4. Upon information and belief, the Collective consists of at least one additional individual who is similarly situated to Plaintiff having not been paid all overtime wages owed and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

5. Defendant may have failed to pay overtime to employees other than those in the Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

6. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

7. Those similarly situated potential collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings the state law claims on behalf of himself and other similarly situated as a representative of a class of all non-exempt workers employed by Defendant within the six years prior to the filing of this complaint.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiff seeks the certification of a class of all persons who, during the time period dating back six years and six months from the filing date of this Complaint[1] until the date of final judgment in this matter, have been employed by Defendant as non-managerial and non-exempt positions; worked overtime and were not paid one and one-half times the minimum wage rate or hourly rate of pay; were not provided wage payment statements; and were not provided with notices of pay rate upon the commencement of their employment (hereinafter referred to as the "Class").

10. Upon information and belief, the Class includes at least forty (40) similarly situated individuals who have not been paid overtime wages or spread of hours wages, who have been paid below the New York minimum wage, and who have not received wage payment statements or

---

[1] This period encompasses the six-year statute of limitations under the NYLL and the 6.5 month period during which the statute of limitations was tolled beginning March 20, 2020 pursuant to Executive Order No. 202.8.

wage theft prevention act notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

11. The class is so numerous as to make it impracticable to join all members of the class as Plaintiff.

12. There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendant have acted on grounds generally applicable to all class members, in that Defendant's acts and omissions constitute a violation of the wage laws of the State of New York.

13. Common questions of law and fact include, but are not limited to, the following:

A. Whether Defendant has consistently failed to pay Plaintiff and class members overtime wages at one and one-half times the minimum wage rate set by the NYLL or their regular rate of pay, whichever was higher, as required by the NYLL;

B. Whether Defendants failed to pay Plaintiff and class members at least minimum wage pursuant to the NYLL;

C. Whether Defendant failed to provide Plaintiff and class members with accurate wage payment statements as required by the NYLL;

D. Whether Defendant has failed to provide Plaintiff and class members proper notice of their rate of pay and basis thereof at the time of hire as required by the NYLL; and

E. Whether Defendant has, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation.

14. Plaintiff's overtime wages, wage payment statements, and wage rate notification claims and Defendant's anticipated affirmative defenses thereto are typical of the claims of and against all class members.

15. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiff is similarly situated with, and have suffered similar violations and damages as, the members of the class Plaintiff seek to represent.

16. Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor his counsel have an interest which is in conflict with the class, or which might cause them not to vigorously pursue this action.

17. Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

18. Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COLLECTIVE- AND CLASS-WIDE FACTUAL ALLEGATIONS**

19. Plaintiff and members of the Class and Collective defined above (collectively, "Plaintiffs") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and NYLL by denying them pay, including minimum wage

and overtime wages, and failing to provide them with wage payment statements and hiring wage rate notifications.

20. As part of its ongoing business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs by violating the FLSA and/or the NYLL.

21. Defendants have substantially benefitted and profited from the uncompensated and/or undercompensated work that Plaintiffs have performed.

22. Defendant failed to keep accurate records of the hours worked by the Plaintiffs.

23. Defendant's unlawful conduct, policies and practices have been widespread, repeated, and consistent.

24. Defendant's conduct, policies, and practices as described herein are ongoing and continuing.

**25.** Defendant's conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiffs.

## AS AND FOR THE FIRST CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the FLSA*
*As to Plaintiff and the FLSA Collective*

26. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

27. At all relevant times, Plaintiff and the Collective were "employees" of the Defendant within the meaning of 29 U.S.C. § 203(e).

28. At all relevant times, Defendant was an "employer" and employed Plaintiff and the Crespo Collective within the meaning of 29 U.S.C. § 203(g).

29. At all relevant times, Plaintiff and the Collective have been engaged in interstate commerce while working for Defendant and this subjects Defendant to the requirements of the FLSA.

30. At all relevant times, Defendant was subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

31. Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

32. Plaintiff and the Collective were entitled to be paid the greater of one and one-half Plaintiff's or the Collective's regular hourly rate or one and one-half times the minimum wage rate for any hours worked in excess of forty (40) hours in any workweek.

33. Defendant required Plaintiff and, upon information and belief, the Collective to work more than forty (40) hours a week, and Plaintiff and the Collective regularly worked more than forty (40) hours a week throughout their employment.

34. Defendant willfully, knowingly, and intentionally did not compensate Plaintiff and the Collective for overtime at a rate of one and one-half times Plaintiff and the Collective's hourly rate of pay for all of the hours Plaintiff and the Collective worked in excess of forty (40) hours per week.

35. As a result of Defendant's violations of the law and failures to pay Plaintiff and the Collective required regular and overtime wages, Plaintiff and the Collective have been damaged and are entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

36. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Collective was in compliance with the law, Plaintiff and the Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

37. Members of the Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consent to Join forms in this action pursuant to 29 U.S.C. § 216(b).

**AS AND FOR THE SECOND CAUSE OF ACTION**
*Unpaid overtime wages owed pursuant to the NYLL*
*As to Plaintiff and the putative NYLL class*

38. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

39. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the NYLL.

40. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the NYLL.

41. At all relevant times, Defendant was subject to the overtime wage requirements set forth in Article 19 of the NYLL.

42. Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

43. Plaintiff was entitled to be paid one and one-half times his regular rate for any hours worked in excess of forty (40) in any workweek.

44. Defendant required Plaintiff to work more than forty (40) hours a week, and

Plaintiff worked more than forty (40) hours a week throughout his employment.

45. Defendant regularly failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all of the hours worked in excess of forty (40) hours per week.

46. Plaintiff was not exempt from overtime under the NYLL.

47. Defendant willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

48. As a result of Defendant's violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

49. As Defendant did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

**AS AND FOR THE THIRD CAUSE OF ACTION**
*Failure to Pay Minimum Wage in Violation of the NYLL*
*As to Plaintiff and the Putative NYLL Class*

50. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

51. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

52. Plaintiffs and the Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage for all hours worked under the NYLL.

13

53. During the Class Period, Defendants did not pay Plaintiff and the Class the prevailing New York minimum wage for all hours worked for Defendants.

54. As a result of Defendants' failure to pay Plaintiff and the Class the prevailing minimum wage for all hours worked, Defendants violated the NYLL.

55. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

56. Defendants' violations of the NYLL have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
*Wage Statements Violation under NYLL § 195(3)*

57. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

58. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the NYLL.

59. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the NYLL.

60. Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

61. Defendant failed to furnish accurate wage statements to Plaintiff in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of his full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

62. The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

63. As Defendant failed to provide proper wage payment statements under NYLL 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs, and interest.

**AS AND FOR THE FIFTH CAUSE OF ACTION**
*Wage Theft Prevention Act Notification Violation under NYLL § 195(1)*

64. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

65. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the NYLL.

66. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the NYLL.

67. NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

68. Defendant failed to furnish such a statement to Plaintiff in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

69. The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

70. As Defendant failed to provide Plaintiff with a proper notice under NYLL 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs, and interest.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated persons, seek the following relief:

A. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective. Such notice shall inform the Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. On the First Cause of Action on behalf of Plaintiff and Collective members against Defendant, for all overtime wages due pursuant to the FLSA, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum; and

C. On the Second Cause of Action on behalf of Plaintiff and the Class against Defendant, for all overtime wages due pursuant to the New York Labor Law an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum; and

D. On the Third Cause of Action on behalf of Plaintiff and the Class against Defendant, for all minimum wages due pursuant to the New York Labor Law an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum; and

E. On the Fourth and Fifth Causes of Action on behalf of Plaintiff and the Class against Defendant, all statutory damages and/or penalties due pursuant to New York Labor

Law 195, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum; and

F.  Such other and further relief as is just and proper.

Dated: Syosset, New York
       July 15, 2022

                                              Respectfully submitted,

                                              BELL LAW GROUP, PLLC

                                              By: */s/ Laura R. Reznick*
                                              Laura R. Reznick, Esq.
                                              *Attorneys for Plaintiff*
                                              116 Jackson Ave.
                                              Syosset, NY 11791
                                              (516) 280-3008
                                              lr@Belllg.com